J. G. WILSON, *Clerk.*

---

WILLIAM F. TOLMIE, Plaintiff in Error, *v.* THOMAS OTCHIN, Defendant in Error.

### *Error to Columbia.*

Judgment for failure to answer a complaint, amended, after a demurrer thereto was sustained, is erroneous, if the record does not show that defendant had notice of the amendment.

THIS suit was brought in the District Court of Columbia County, to recover damages for the violation of a contract. Tolmie, the defendant below, appeared at the proper time and demurred to the complaint. His demurrer was sustained. Otchin obtained leave to amend his complaint. Judgment was afterward rendered against Tolmie for a failure to answer the complaint so amended, and a jury assessed plaintiff's damages at four thousand dollars. Tolmie sued out a writ of error to reverse the judgment, because no copy of the amended complaint was served upon him.

*A. Holbrook*, for plaintiff in error.

*A. Campbell*, for defendant in error.

WILLIAMS, C. J.    Section 43, page 72, Oregon Statutes, provides, that " if the complaint be amended, a copy thereof shall be served on the defendant, or his attorney of record, and the defendant shall answer the same within such time as may be prescribed by the court; and if he omit to do so, the plaintiff may proceed to obtain judgment as in other cases of failure to answer."

Section 71, page 76, declares, " if the demurrer be sustained, either party may amend any pleading demurred to, upon such terms as may be just, and he shall serve a copy of the same on the adverse party, within such time as may be prescribed by the court."    These sections clearly show that a copy of the amended complaint in the case should have been served on the defendant in the District Court.    No evidence of any such service appears upon the record, nor is there any thing to show that Tolmie was aware of the steps taken against him in the suit after the decision sustaining his demurrer.    Tolmie was no more bound to appear and answer the amended complaint, before a copy thereof was served on him, than he was bound to appear and answer the original complaint without such service as the law requires.

Judgment for a failure to answer an amended complaint is to be obtained " as in other cases of failure to answer." Nothing, then, appearing to show power in the District Court to proceed to judgment against defendant on the amended complaint, we think there is error in such judgment, and hold that the record ought to show affirmatively some evidence of a service of the amended complaint on Tolmie, or some act of his in court, after such amended complaint was filed, rendering a statutory service unnecessary.

Judgment reversed.

OLNEY, J.  Whilst I do not dissent from the opinion of the court, I would have been quite as well satisfied with a different construction of the statute.  I see no very good reason for making this an exception to the general rule, by which the service of papers in the progress of a cause, though required by statute, need not affirmatively appear on the record to support the judgment.  When the court has jurisdiction of the person and the cause, errors in the exercise of that jurisdiction ought not to be presumed.  It is certainly illegal and erroneous to give judgment for want of answer to an amended complaint not served.  The only question is, whether the service should appear of record.  My brethren think it ought; and in this conclusion I acquiesce, rather than assume the attitude of dissent upon an unimportant question of mere practice.